UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>HOWARD E. MOSELEY, et al.,<br><br>  Defendants. | No. 2:21-cv-02374-WBS-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This statutory provision is referred to as the Three Strikes Law. Plaintiff is not permitted to proceed in forma pauperis in this action because it has been determined that he has "struck out" under 28 U.S.C. § 1915(g).[1]

---

[1] See Bradford v. German, Case No. 1:15-cv-01511-LJO-BAM-P (E.D. Cal.), at ECF No. 4.

1

A review of the allegations in plaintiff's complaint further indicates that he is not under imminent danger of serious physical injury. Plaintiff's complaint is based on allegations that he is being denied access to the courts and not provided with adequate medical care. While plaintiff asserts in an entirely conclusory fashion that he is under "imminent danger," there are no specific factual allegations demonstrating that he is at imminent risk of serious physical injury. Thus, plaintiff has not alleged a "plausible allegation" that he faced an imminent danger of serious physical injury at the time that he filed the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). In light of the foregoing, the undersigned recommends denying plaintiff's request for leave to proceed in forma pauperis. If plaintiff wishes to proceed with this civil action, he must pay the $400.00 filing fee.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied.

2. Plaintiff be granted fourteen days within which to pay the $402 filing fee for this action. Failure to pay the filing fee within fourteen days will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 14, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brad2374.struck.out.F&R.docx